UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID T SUMNER IV,<br><br>                    Plaintiff,<br><br>    v.<br><br>US FED GOV'T & AGENCIES, et al.,<br><br>                    Defendants. | Case No. C19-6073 RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 20, 2019 |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny plaintiff's application to proceed *in forma pauperis.*

## **BACKGROUND**

Plaintiff alleges that he is bringing this action against the United States Federal Government, the state of Washington, the state of Oregon, "many county governments," and the United States Army. Dkt. 1-1 at 2-3. Plaintiff alleges that he is bringing this action for violations of: "WA. St. Const., Version of U.S. Const. Amend 1 & RCWA – Statute of No Gov't Employee abridging or thwarting my Liberties & Freedoms, and tons of my U.S. Const. amend rights." Dkt. 1-1 at 5. Plaintiff also alleges that defendants violated the United States Constitution,

REPORT AND RECOMMENDATION - 1

1  disregarded plaintiff's personal security and protection, breached a contract and discriminated
2  against plaintiff on the basis of religion. *Id*.

3  In the statement of claims, plaintiff alleges that he complained to "Fed. Dist. Atny. Miss
4  Jenny Durkins Office and Pdx's Airport F.B.I and they Anti-helped [plaintiff] investigate St.
5  Agencies (of Gov't)." *Id*. at 6. Plaintiff also alleges that defendants have discriminated against
6  him, illegally "kicked [him] off Capitol Property," and "upheld illegal office workers claims." *Id*.
7  Plaintiff further alleges that he has been punished and sentenced at least three times without
8  being in front of a judge or jury. *Id*. Plaintiff alleges that over the past 30 years he has been
9  discriminated against, prejudiced, and maliciously and illegally punished by a number of
10 counties. *Id*. Next, plaintiff alleges that he has written "many many grievances and demand
11 letters" to each Supreme Court Justice serving on the Washington State Supreme Court and the
12 United States Supreme Court, but has received no response. *Id*. Plaintiff expresses that he has
13 been beaten, "frustrated beyond comprehension," betrayed, illegally punished, "debased," and
14 "dehumanized" by the alleged "government" wrongdoing. *Id*. Finally, plaintiff seeks one billion
15 dollars as relief because the defendants have allegedly acted dishonorably, committed treason
16 against plaintiff and "have in fact warred against [plaintiff]." *Id*. at 7.

## **DISCUSSION**

18 The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any
19 time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a
20 claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is
21 immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no
22 arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

> (1) A short and plaint statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.
> (2) A short and plain statement of the claim showing the pleader is entitled to relief; and
> (3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complaint of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation

REPORT AND RECOMMENDATION - 3

1  are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Neither a state nor its officials acting in their official capacities are "persons" within the meaning of Section 1983; a lawsuit against a person named in his or her official capacity is simply a different way of pleading an action against the government entity and cannot be a suit for damages but may only be a lawsuit claiming injunctive relief that is prospective. *Hafer v. Melo,* 502 U.S. 21, 27 (1991); *Kentucky v. Graham,* 473 U.S. 159, 165-167 (1985). Further, there are three scenarios under which a municipality, such as a County, may be liable under Section 1983 (see Ninth Circuit Pattern Jury Instructions No. 9.5, 9.6, 9.7, 9.8) – first, if implementation of official policies, practices, or established customs (either formal or expressly adopted official policy – a longstanding practice or custom that is "standard operating procedure") causes a constitutional injury; second, if there are acts or omissions such as failure to train employees and this policy, practice, custom, act or omission was done with deliberate indifference to the constitutional right of persons who may be affected and causes a constitutional injury; or third, if the individual whose acts or omissions amount to a constitutional violation was an official who had final authority to make policy – or if such official ratified a subordinate's unconstitutional decision and the basis for it, and this causes constitutional injury. *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011); *Castro v. County of Los Angeles,* 833 F.3d 1060, 1074 (9th Cir. 2016); *Bini v, City of Vancouver,* 218 F.Supp. 3d 1196, 1201-1204 (W.D. Wash. 2016).

*Bivens* actions are the judicially crafted counterpart to Section 1983. They enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the

REPORT AND RECOMMENDATION - 4

1  United States was violated, and (2) the alleged deprivation was committed by a federal actor.
2  *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under
3  *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor
4  under *Bivens.*" *Id.*

5  Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it
6  "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an
7  opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050,
8  1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the
9  amendment would be futile or where the amended complaint would be subject to dismissal."
10  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11  Plaintiff has failed to allege any facts whatsoever. With no facts, there does not seem to
12  be any possible basis for an amendment. First, plaintiff does not name any state official acting
13  under color of state law, either as an individual defendant or acting in an official capacity that
14  plaintiff alleges is liable under Section 1983. Plaintiff's complaint also fails to identify a
15  particular county that allegedly committed any wrongful acts and does not provide any facts
16  supporting the availability of municipality liability. Next, plaintiff's *Bivens* claims fail because
17  plaintiff does not name any federal officers in the complaint.

18  Plaintiff's complaint also fails to allege a factual basis upon which plaintiff claims any
19  entity by an official capacity lawsuit, or individual defendant is liable. Plaintiff's complaint
20  baldly asserts that his rights have been violated, without explaining who allegedly did or failed to
21  do something that is related to these violations, or whether any acts or omissions occurred that
22  are attributable to any state or federal actor, or any facts that would plausibly show causation –
23  i.e., a series of facts that would show how any acts or omissions, policies, customs, or practices,

24

25

allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are frivolous and insufficient to state a claim pursuant to Section 1983.

Finally, plaintiff's complaint appears to be based on allegations that the federal government, the state of Washington and the state of Oregon conspired to commit treason and acts of war against plaintiff. These allegations do not appear to have any arguable basis in law or fact. Thus, plaintiff's complaint fails to state a claim under Section 1983, is frivolous and any attempt to amend the complaint would be futile.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that plaintiff's application to proceed in *in forma pauperis* should be DENIED.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **December 20, 2019**, as noted in the caption. If no objections are filed, and if plaintiff does not pay the filing fee, then the Court should dismiss this case without prejudice.

Dated this 26th day of November, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6